IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>               Petitioner,<br><br>     vs.<br><br>L. E. SCRIBNER, Warden, Calipatria State Prison,<br><br>               Respondent. | No. 2:10-cv-01220-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 39] |

        This Court denied Tiante Dion Scott, a state prisoner appearing *pro se*, habeas relief and a certificate of appealability on March 1, 2012. Docket Nos. 28, 29. Scott attempted to appeal this Court's denial to the Ninth Circuit Court of Appeal, but the appellate court likewise denied his request for a certificate of appealability on May 24, 2013. Docket No. 37.

        More than six years later, Scott now files in his closed case a motion to correct his sentence in the same underlying state criminal case, which he contends imposes a victim restitution order that is unauthorized under various state statutes and in violation of the Eighth Amendment of the U.S. Constitution's prohibition against cruel and unusual punishment. Docket No. 39. This Court, however, is without jurisdiction to entertain this motion.

        Scott avers that this Court has jurisdiction over the motion pursuant to 18 U.S.C. § 3742(a)(1)-(6), which authorizes federal criminal defendants to seek review of improper and unauthorized sentences in the federal district courts. As noted above, however, Scott is a California state prisoner whose sentence was imposed by the courts of that State. Accordingly,

review of his sentence is subject not to 18 U.S.C. § 3742 but rather to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amended 28 U.S.C. § 2244(b), which read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. *Babbitt v. Woodford*, 177 F.3d 744, 745 (9th Cir. 1999).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). 'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting *Libby v. Magnusson*, 177 F.3d 43, 46 (1st Cir. 1999)). The record reflects that Scott could have raised his challenge to the restitution order in his initial petition for habeas relief at Docket No. 1. Because he did not do so, his attempt to raise it at this late juncture constitutes a second or successive petition that this Court is without jurisdiction to consider.

Moreover, even if Scott's motion to correct the restitution order did not constitute a second or successive petition, this Court does not have jurisdiction over a challenge to a restitution order imposed in state court in any event. A petition for a writ of habeas corpus can be entertained only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Ninth Circuit has held that "§ 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976, 984 (9th Cir. 2010) (footnote omitted). "[T]he remedy that [Petitioner] seeks, the elimination or alteration of a

3

money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty." *Id*. at 981. A federal court, then, lacks jurisdiction to hear claims that challenge the money portion of a state judgment, such as a restitution order, which does not affect the duration of custody. *Id.*

**IT IS THEREFORE ORDERED THAT** the Motion to Correct Unauthorized Sentence at Docket No. 39 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: January 16, 2020.

　/s/ James K. Singleton, Jr.　
JAMES K. SINGLETON, JR.
Senior United States District Judge
